**Mohammed JAMIE, a/k/a Jamie Mohammed, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73016.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 26, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Steve Paek, Law Office of Steve Paek, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Mohammed Jamie, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), we deny the petition for review.

Substantial evidence supports the BIA's finding that even taking petitioner's testimony as credible, he has not demon-

** This disposition is not appropriate for publication and is not precedent except as provid-

strated that the detention and economic hardship he suffered rose to the level of persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1014–15 (9th Cir.2003).

Substantial evidence also supports the agency's finding that petitioner has not demonstrated a well-founded fear of future persecution, because the record contains insufficient direct or specific evidence that he will be targeted for harm. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003); *see also Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000).

Because petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent requirements for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

Substantial evidence further supports the IJ's finding that petitioner has not demonstrated that it is more likely than not that he will be tortured if he returns to Ethiopia. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**